## TALLMAN BRUMFIELD, Appellant, v. THE WESTERN UNION TELEGRAPH COMPANY.

**Directed Verdict:** DELAYED TELEGRAM. Defendant, in an action for negligently failing to deliver a telegram, is entitled to the direction of a verdict, where plaintiff fails to show, even, the time when the telegram was delivered for transmission, sent or received at the address office. ·

*Appeal from Boone District Court.* — HON. S. M. WEAVER, Judge.

، SATURDAY, APRIL ¨11, 1896.

ACTION ˙to recover damages, caused by a failure to deliver a telegram. Verdict and judgment for defendant. Plaintiff appeals.—*Affirmed.*

*J. M. Goodson* and *J. F. Martin* for appellant.

*Cummins & Wright* for appellee.

KINNE, J.—I. December 23, 1893, the defendant company received ·a message at Lancaster, Ohio, directed to plaintiff at Boone, Iowa, as follows: "Dear Brother: Mother died last night, [Signed.]· Ella Brumfield." ˙ The petition charges that defendant carelessly and negligently failed and neglected to deliver the message to the plaintiff until 9 o'clock at night; that it was received at the Boone office at 10:30 o'clock in· the forenoon of the same day; "that, on account of said defendant's carelessness and negligence in the failure to deliver to plaintiff the said message within a reasonable time, the plaintiff was deeply mortified, grieved, and shocked, and suffered intense agony of body and mind; that, by reason thereof, he has been damaged in the sum of five

hundred dollars." The answer admitted the defendant's corporate capacity, and denied all other allegations of the petition. There was a trial to a jury, and, at the close of the plaintiff's evidence, the court, on motion of defendant, directed a verdict for it, from which this appeal is taken.

II. Errors are assigned upon the ruling of the court, in sustaining the defendant's motion for a verdict; also, in rulings excluding certain evidence, offered by the plaintiff. The motion to direct a verdict, was based upon the ground, that no legal damages had been shown, and that there was no evidence upon which a verdict for plaintiff could be returned; also, other grounds, which need not be stated. Now, while the petition charges that this message was received by the company, at its Boone office, at half-past 10 o'clock A. M., and not delivered until 9 o'clock P. M., such allegations are denied in the answer. The message, in fact delivered, was, as it appears from the record, introduced in evidence; but it is not in the record. There is no evidence whatever, as to the time in the day, at which the message was delivered to the defendant, at Lancaster, Ohio, for transmission to the plaintiff. There is no evidence as to the time in the day or night, that it was received at Boone, Iowa, by the defendant. There are, it is true, statements in the evidence, by one or two witnesses, which seem to indicate that there had been a delay in the delivery of the message; but what that delay, in fact, was, and at what time the message was, in fact, sent from Lancaster, Ohio, and received at Boone, nowhere appears. From this, it will be seen, that there was no evidence from which a jury could say that the defendant was negligent in delivering the message.

III. In view of the facts heretofore stated, it is not necessary for us to discuss the evidence relating to the claimed damages. The case, in that respect, is

not within the rule established in *Mentzer v. Telegraph Co.*, 93 Iowa, 752 (62 N. W. Rep. 1). No negligence in the delivery of the message, having been shown, the court properly directed a verdict for the defendant.— AFFIRMED.